IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01108-MSK-KMT

JERRY D. BROWN,

      Plaintiff,

v.

CONAGRA FOOD INGREDIENTS COMPANY d/b/a CONAGRA FOODS d/b/a CONAGRA MILLS,

      Defendant.

_____

**OPINION AND ORDER DENYING MOTION TO ALTER JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Alter Judgment **(# 76)**, and the Defendant's response **(# 79)**.

In this action, the Plaintiff asserted claims for race discrimination in employment, unlawful retaliation, hostile environment harassment, and similar claims relating to the termination of his employment. By Order **(# 74)** dated December 1, 2008, the Court granted summary judgment to the Defendant on all of the Plaintiff's claims, and the discussion in that Order is deemed incorporated herein to the extent necessary.

The Plaintiff timely filed the instant Motion to Alter Judgment **(# 76)**, arguing that the Court's findings with regard to the Plaintiff's race discrimination claims arising from his termination were erroneous in light of the content of the affidavit of Steve Larson. Specifically, the Plaintiff argues that the Court failed to note that Mr. Larson, a former maintenance manager of the facility where the Plaintiff worked, admitted that he himself climbed out of a stalled

1

elevator – the same infraction for which the Plaintiff was terminated – without discipline and further, that Mr. Larson's affidavit establishes that the Defendant's decision to discipline the Plaintiff for climbing out of the stalled elevator was inconsistent with unwritten company policies (in that no policy prohibiting that action existed).

Fed. R. Civ. P. 59(e), 60(b), and the Court's inherent authority all permit the Court, in appropriate circumstances, to revisit and revise its rulings if necessary, prior to the entry of final judgment *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005). The timeliness of the motion determines whether it is analyzed under Rule 59(e) – if filed within 10 days of the entry of the judgment or order – or Rule 60(b) – if filed later than 10 days. *Id., citing Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Here, the Plaintiff's motion was filed within 10 days after the entry of the December 1, 2008 Order, and thus, the Court analyzes it under Fed. R. Civ. P. 59(e). Grounds for relief under Fed. R. Civ. P. 59(e) include an intervening change in the controlling law, newly-discovered evidence, or the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 910th Cir. 2000). However, it is not an appropriate vehicle to revisit or re-argue issues that were or could have been presented in earlier proceedings. *Id.*; *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir.1991).

The Court finds that the Plaintiff's motion merely re-raises arguments that could have been and/or were presented in the initial summary judgment briefing. Indeed, the Plaintiff's entire motion is premised upon arguments relating to the contents of an affidavit that was submitted with and discussed in the Plaintiff's summary judgment response. The Court's December 1, 2008 Order discusses the significance of that affidavit in some depth. Thus, the

Plaintiff's current arguments concerning the significance of that affidavit are matters that could have been raised earlier and are not a proper ground for seeking reconsideration. For this reason alone, the motion is denied.

Moreover, even assuming that the Court were to reconsider its decision in light of the Plaintiff's additional argument and emphasis, the Court would nevertheless reach the same conclusion. To the extent Mr. Larson's affidavit can be read to assert Mr. Larson's belief that there was no requirement to implement the lockout/tagout policy with regard to the elevator, the Plaintiff's own testimony suggests that such a policy did indeed exist. *See Docket # 35, Ex. 1 at 29-30 (explaining that "there's a lot to lockout and tagout . . ." and using "my situation . . . with the elevator" as an example where "there's a 90 percent chance that it won't move [while a person is extracting him or herself, but] there's still that 10 percent chance there [that it will]"); id.* at 100 (Plaintiff testifying that he doesn't recall whether he had a discussion with a co-worker about lockout/tagout requirements with regard to the stalled elevator, rather than asserting that there was no lockout/tagout policy governing that situation); *id.* at 157-58 (discussing method by which elevators could be locked/tagged out).

Moreover, Mr. Larson's belief that no lockout/tagout policy applied to the elevator is irrelevant, as Mr. Larson was not involved in the decision to terminate the Plaintiff. To prove that the justification offered by the Defendant is pretextual, the Plaintiff would have to show that the decisionmaker responsible for initiating or approving the termination knew that the lockout/tagout policy did not apply to the elevators; put differently, if the supervisor proposing to discipline the Plaintiff believed, albeit mistakenly, that the lockout/tagout policy applied to the elevators, proof by the Plaintiff that the policy did not actually apply is insufficient to show

pretext. As the 10th Circuit has explained, "the relevant inquiry is not whether defendant's proffered reasons were wise, fair, or <u>correct</u>, but whether defendant honestly <u>believed</u> those reasons and acted in good faith upon those beliefs. *Denham v. Sunco, Inc.*, 222 Fed.Appx. 687, 691 (10th Cir. 2007) (unpublished) (emphasis added), *quoting Bullington v. United Air Lines, Inc.*, 186 F.3d 1301 (10th Cir. 1999) *and Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000) ("a challenge of pretext requires us to look at the facts as they appear to the person making the decision to terminate plaintiff"). Here, the record appears to indicate that the decision to investigate the Plaintiff's conduct was made by Mr. Harris, and the decision to terminate the Plaintiff was made by a panel of individuals that did not include Mr. Larson. The Defendants have submitted an affidavit of Mr. Harris in which he recites his understanding that the lockout/tagout policy <u>did</u> apply to the elevators. *Docket # 36, Ex. 3, ¶ 6*. Thus, to prove that Mr. Harris' justification for initiating discipline against the Plaintiff was pretextual, the Plaintiff is required to show not only that the lockout/tagout policy did not apply to the elevators, but that Mr. Harris <u>knew that</u> to be the case and preferred charges against the Plaintiff nothwithstanding his knowledge that the charges were baseless. Mr. Larson's affidavit is insufficient to demonstrate Mr. Harris' knowledge regarding the application of the lockout/tagout policy to the elevators. Thus, Mr. Larson's affidavit is not enough to demonstrate pretext.

Finally, even assuming that Mr. Larson's affidavit were sufficient to show that the Defendant's justification for terminating the Plaintiff was contrary to company policies – and thus pretextual – the Court would nevertheless find that this is the unusual case in which a showing of pretext is not sufficient, of itself, to allow a factfinder to infer that prohibited

discrimination was the true reason for the termination. *See* December 1, 2008 Opinion, n. 9. The Plaintiff has cited nothing to suggest that, even if the Defendant gave a false reason for his termination, that his race was the true reason for the decision. Indeed, the Plaintiff himself opined that the real reason for his termination was a systematic, race-neutral purge of all former managers, both white and black, by new management. Under these circumstances, even a showing of pretext by the Plaintiff, without more, would be insufficient to avoid summary judgment.

Accordingly, the Plaintiff's Motion to Alter Judgment **(# 76)** is **DENIED**.

Dated this 15th day of May, 2009

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge